IN the DISCIPLINARY MATTER IN-
VOLVING Honorable Timothy D.
DOOLEY, Superior Court Judge.

Supreme Court No. S–16168

Supreme Court of Alaska.

August 12, 2016

Before: Stowers, Chief Justice, and Winfree, Maassen, and Bolger, Justices.

## Order For Censure

1. The Alaska Commission on Judicial Conduct has referred to us its findings and recommendation for censure of Timothy D. Dooley, a superior court judge in Nome.[1] After an investigation and shortly before a formal Commission hearing, Judge Dooley stipulated that five different statements he had made while on the bench violated AS 22.30.011(a)(3)(C), (D), and (E)[2] and Canons 1, 2A, 3B(4), and 3B(5) of the Alaska Code of Judicial Conduct.[3] Judge Dooley acquiesced to the Commission's recommendation for either a public censure or a suspension following a sanctions hearing to determine various mitigating and aggravating factors. After the sanctions hearing the Commission recommended that we censure Judge Dooley and formally assign him a mentor judge for a year; it also recommended that Judge Dooley avail himself of further training "in the areas of gender sensitivity, cultural awareness, domestic violence and interaction with pro se litigants in both civil and criminal matters."

 2. In judicial disciplinary proceedings we review de novo both the judicial conduct and the recommended sanction.[4] Judicial misconduct must be established by clear and convincing evidence.[5] We have reviewed the record before the Commission; neither the Commission's special counsel nor Judge Dooley's counsel submitted briefing to us addressing the charges, the evidence, or the recommended discipline.

 3. We apply the American Bar Association's Standards for Imposing Lawyer Sanctions as an analogy "insofar as possible" when considering judicial misconduct and appropriate sanctions.[6] The ABA Standards ad-

---

1. The Commission's referral, entitled "Recommendation for Discipline," is attached as Appendix I. The Commission's actual "Findings and Recommendation" is attached as Appendix II. Both have been edited to conform to technical rules of the Alaska Supreme Court.

2. AS 22.30.011(a) provides:

 The commission shall on its own motion or on receipt of a written complaint inquire into an allegation that a judge

 . . . .

 (3) ... committed an act or acts that constitute

 . . . .

 (C) conduct prejudicial to the administration of justice;

 (D) conduct that brings the judicial office into disrepute; or

 (E) conduct in violation of the code of judicial conduct. . . .

3. Alaska Code Jud. Conduct provides:

 Canon 1. An independent and honorable judiciary is indispensable to achieving justice in our society. A judge should participate in establishing, maintaining, and enforcing high standards of judicial conduct. The provisions of this Code are intended to preserve the integrity and the independence of the judiciary; the Code should be construed and applied to further these objectives.

 Canon 2A. In all activities, a judge shall exhibit respect for the rule of law, comply with the law, avoid impropriety and the appearance of impropriety, and act in a manner that promotes public confidence in the integrity and the impartiality of the judiciary.

 . . . .

 Canon 3B(4). A judge shall be patient, dignified, and courteous to litigants, jurors, witnesses, lawyers, and others with whom the judge deals in an official capacity. The judge shall take reasonable steps to maintain and ensure similar conduct from lawyers and from court staff and others subject to the judge's direction and control.

 Canon 3B(5). In the performance of judicial duties, a judge shall act without bias or prejudice and shall not manifest, by words or conduct, bias or prejudice based upon race, color, sex, religion, national origin, disability, age, marital status, changes in marital status, pregnancy, parenthood, sexual orientation, or social or economic status. A judge shall not permit court staff and others subject to the judge's direction and control to deviate from these standards in their duties.

4. *In re Estelle*, 336 P.3d 692, 693 (Alaska 2014); *In re Cummings*, 211 P.3d 1136, 1138 (Alaska 2009) (citing *In re Curda*, 49 P.3d 255, 257 (Alaska 2002)).

5. *Cummings*, 211 P.3d at 1138 (citing *Curda*, 49 P.3d at 257).

6. *In re Cummings*, 292 P.3d 187, 190 (Alaska 2013) (quoting *In re Inquiry Concerning a Judge*, 788 P.2d 716, 723 (Alaska 1990)).

dress four factors: (1) the ethical duty violated; (2) the actor's mental state; (3) the extent of the actual or potential injury caused by the misconduct; and (4) any aggravating or mitigating circumstances.[7] As we recently stated in an attorney misconduct case, we characterize the misconduct in light of the first three factors, yielding a presumptive sanction we then may adjust in light of the final factor and prior case law.[8]

█ 4. The misconduct in this case relates to the following statements Judge Dooley made in the courtroom.

a. On May 29, 2013 during a criminal sentencing: "Has anything good ever come out of drinking other than sex with a pretty girl?"

b. On October 29, 2013 during a criminal sentencing: "What you've done with this young girl, it's a strange thing, routinely done in Afghanistan where they marry 6-year-old girls. In our society, and in the society of the local tribal communities, supposed to be totally forbidden."

c. On November 5, 2013 during a criminal sentencing for a sexual abuse of a minor offense where the victim was a 14–year–old girl: "This was not someone who was, and I hate to use the phrase, 'asking for it.' There are girls out there that seem to be temptresses. And this does not seem to be anything like that."

d. On August 12, 2014 in a civil trial with unrepresented litigants: "I'm gonna enforce these oaths and they're enforceable with a 2-year sentence for perjury. And I'd be the sentencing judge. I also have a medieval Christianity that says if you violate an oath, you're going to hell. You all may not share that, but I'm planning to populate hell."

e. On August 20, 2014 during a domestic violence felony assault trial, off the record to the jury when inquiring whether they could hear the victim's testimony: "I'm sorry folks, but I can't slap her around to make her talk louder."

5. Judge Dooley admitted shortly before his formal disciplinary hearing that by making these statements he violated AS 22.30.011(a)(3)(C), (D), and (E)[9] and Canons 1, 2A, 3B(4), and 3B(5) of the Alaska Code of Judicial Conduct.[10] The Commission therefore had before it undisputed facts regarding Judge Dooley's conduct and an admission of culpability.

We accept the Commission's findings that Judge Dooley's statements adversely reflect on the integrity of the Judiciary in general (Canons 1 and 2A); are undignified and discourteous to witnesses, litigants, and sexual violence victims (Canon 3B(4)); and, on their face, suggest bias or prejudice to groups of people identified in Canon 3 (Canon 3B(5)). We accept the Commission's findings that Judge Dooley's statements could reasonably be, and were, interpreted by others as showing bias and that Judge Dooley's statements undermine public confidence in the Judiciary. We accept the Commission's findings that Judge Dooley was negligent in making the statements. We accept the Commission's findings that it is reasonable to assume Judge Dooley's statements adversely affected the witnesses, victims, and others who directly or indirectly heard the statements and that Judge Dooley's conduct caused actual injury to the public perception of the Judiciary's integrity.

█ 6. In light of the foregoing we accept that there is clear and convincing evidence of misconduct, and we conclude that a censure is the presumptive sanction for the misconduct rather than a suspension.[11] We accept the Commission's identification and analysis of the aggravating and mitigating circumstances in this case and conclude that

7. See id. at 190; In re Inquiry Concerning a Judge, 788 P.2d at 724.

8. In re Ivy, 374 P.3d 374, 378 (Alaska 2016).

9. See supra note 2.

10. See supra note 3.

11. See, e.g., In re Johnstone, 2 P.3d 1226, 1237–38 (Alaska 2000) (applying ABA Standards and imposing public reprimand on judge for negligent appearance of impropriety causing both actual and significant harm without any discussion of aggravating or mitigating circumstances).

they do not warrant a change from the presumptive sanction.[12]

7. Judge Dooley is hereby CENSURED for the misconduct described above.[13]

Fabe, Justice, not participating.

Attachment

## IN THE SUPREME COURT OF THE STATE OF ALASKA

In re **Timothy D. Dooley,** Judge of the Superior Court, Second Judicial District at Nome, Alaska.

Supreme Court No. S-16168

ACJC File No. 2013-013

## RECOMMENDATION FOR DISCIPLINE

### Procedures Before The Commission

This matter was brought to the attention of the Alaska Commission on Judicial Conduct (Commission) in late 2013. At its regular meeting on November 21, 2014, the Commission determined that it would hold a Probable Cause Hearing in this matter. A Probable Cause Hearing took place at the Commission's meeting on May 11, 2015. The Commission found Probable Cause on May 12, 2015 on a vote of seven in favor and two opposed. Formal charges issued on May 26, 2015.

. . . .

A Formal Disciplinary Hearing pursuant to AS 22.30.011(b) and Alaska Commission on Judicial Conduct Rule 14 took place in Anchorage on December 10, 2015.

The attached Commission Findings and Recommendation is filed pursuant to Article IV, section 10 of the Constitution of Alaska, AS 22.30.011(d)(2), and Rule 406 of Alaska's Rules of Appellate Procedure.

SUBMITTED by the COMMISSION ON JUDICIAL CONDUCT, through its Executive Director, this 28th day of December 2015.

Attachment

### STATE OF ALASKA

### COMMISSION ON JUDICIAL CONDUCT

In the Matter of the Proceeding Pursuant to AS 22.30.011(a) in Relation to: Timothy D. Dooley, Judge of the Superior Court, Second Judicial District at Nome Alaska.

ACJC File No. 2013-013

### FINDINGS AND RECOMMENDATION

### 1. Introduction

The Alaska Commission on Judicial Conduct filed a complaint against Superior Court Judge Timothy D. Dooley. At the formal hearing, Special Counsel to the Commission and Judge Dooley presented a stipulation under which Judge Dooley admitted to a pattern of conduct that violates AS 22.30.011(a)(3)(C), (D), and (E), and Canons 1, 2A, 3B(4), and 3B(5) of the Alaska Code of Judicial Conduct. The Stipulation contains Judge Dooley's acknowledgment that (1) he made statements in court proceedings that indicate insensitivity to victims and witnesses in criminal matters and insensitivity to unrepresented parties in civil matters; (2) the statements, although not intended to reflect

---

**12.** The Commission does not appear to have distinguished between a presumptive sanction and an ultimate sanction after consideration of aggravating and mitigating circumstances. We make specific note only of two points with regard to mitigating circumstances. Although Judge Dooley expressed remorse at the hearing, his remorse was both belated and undercut by his counsel's argument that the Alaska Court System was substantially at fault for the misconduct because Judge Dooley was in a one-judge town and did not receive sufficient assistance or training. Judge Dooley was well aware of his judgeship's nature when applying for the position. For purposes of judicial conduct rules Judge Dooley— not the Alaska Court System—is responsible for

his statements made while sitting on the bench; contrary to the arguments made to the Commission during the sanctions hearing, Judge Dooley is not the victim in this disciplinary matter.

**13.** While this matter was pending Judge Dooley formally declined to sit for his November 8, 2016 retention election, effectively retiring as of February 8, 2017. *See* AS 22.10.100(b) (stating that superior court judgeship "becomes vacant 90 days after the election ... for which the judge fails to file a declaration of candidacy"). We therefore do not address the Commission's recommendations regarding mentors and additional training.

bias or prejudice, were reasonably interpreted by others to manifest bias; and (3) his statements could be construed as disregarding the serious nature of sexual abuse and domestic violence and as disrespectful to the victims of those crimes. The Commission unanimously accepted the Stipulation.

After accepting the Stipulation, the Commission held a formal hearing for the purpose of determining the appropriate sanction. Judge Dooley testified, and the parties submitted exhibits. After considering the evidence and arguments of counsel, the Commission unanimously agreed that there is clear and convincing evidence that Judge Dooley violated AS 22.30.011(a)(3)(C), (D), and (E), and Canons 1, 2A, 3B(4), and 3B(5) of the Alaska Code of Judicial Conduct and that the appropriate sanction is public censure.[1]

## 2. Findings Of Fact

The misconduct in this case relates to statements made by Judge Dooley in court, on the record. Accordingly, there is no dispute about the facts. As set forth in the Stipulation, Judge Dooley made the following statements:

a. On May 29, 2013 in the sentencing in *State of Alaska v. Pushruk*, 2NO-12-905 CR, Judge Dooley stated: "Has anything good ever come out of drinking other than sex with a pretty girl?"

b. On October 29, 2013 in the sentencing in *State of Alaska v. Delie*, 2NO-13-245 CR, Judge Dooley stated: "What you've done with this young girl, it's a strange thing, routinely done in Afghanistan where they marry 6-year-old girls. In our society, and in the society of the local tribal communities, supposed to be totally forbidden."

c. On November 5, 2013 in the sentencing in *State of Alaska v. Sagoonick*, 2NO-13-236 CR, a sexual abuse of a minor offense where the victim was a 14-year-old girl, Judge Doo-

ley stated: "This was not someone who was, and I hate to use the phrase, 'asking for it.' There are girls out there that seem to be temptresses. And this does not seem to be anything like that."

d. On August 12, 2014 in a civil trial with unrepresented litigants, Judge Dooley stated: "I'm gonna enforce these oaths and they're enforceable with a 2-year sentence for perjury. And I'd be the sentencing judge. I also have a medieval Christianity that says if you violate an oath, you're going to hell. You all may not share that, but I'm planning to populate hell."

e. On August 20, 2014 in *State of Alaska v. Wells*, 2NO-13-907 CR, a domestic violence felony assault trial, Judge Dooley made off-the-record comments to the jury when inquiring as to whether they could hear the victim during her testimony: "I'm sorry folks, but I can't slap her around to make her talk louder."

## 3. Sanction Analysis

Under Alaska law, the American Bar Association's Standards for Imposing Lawyer Sanctions are applied to the extent possible in determining an appropriate sanction for violations of the Canons of Judicial Conduct.[2] The ABA Standards address four issues to determine the appropriate level of sanction: (a) the ethical duty the judge violated; (b) the judge's mental state; (c) the extent of the actual or potential injury caused by the judge's misconduct; and (d) any aggravating or mitigating circumstances.[3] However, this can be difficult because the ethical obligations of judges differ in many significant respects from the obligations of lawyers. In contrast, the Washington Supreme Court applies the following factors:

 (a) whether the misconduct is an isolated instance or evidenced a pattern of conduct;

 (b) the nature, extent, and frequency of occurrence of the acts of misconduct;

---

1. Commissioner Brown did not participate in the formal hearing or deliberations.

2. *In re Inquiry Concerning a Judge*, 788 P.2d 716, 723 (Alaska 1990).

3. *Id.* at 724.

(c) whether the misconduct occurred in or out of the courtroom;

(d) whether the misconduct occurred in the judge's official capacity or in his private life;

(e) whether the judge has acknowledged or recognized that the acts occurred;

(f) whether the judge has evidenced an effort to change or modify his conduct;

(g) the length of service on the bench;

(h) whether there have been prior complaints about this judge;

(i) the effect the misconduct has upon the integrity of and respect for the judiciary; and

(j) the extent to which the judge exploited his position to satisfy his personal desires.[4]

In determining an appropriate sanction for Judge Dooley, the Commission finds the following factors relevant:

### a. What ethical duty did Judge Dooley violate?

Judge Dooley admitted that he violated AS 22.30.011(a)(3)(C), (D), and (E), and Canons 1, 2A, 3B(4), and 3B(5) of the Alaska Code of Judicial Conduct. The Commission finds that Judge Dooley's statements adversely reflect on the integrity of the Judiciary in general (Canons 1 and 2A); are undignified and discourteous to witnesses, litigants, and sexual violence victims (Canon 3B(4)); and, on their face, suggest bias or prejudice to groups of people identified in Canon 3 (Canon 3B(5)).

### b. What was Judge Dooley's mental state?

The Commission does not find that the statements reflect actual bias by Judge Dooley. However, the Commission finds that Judge Dooley's statements could reasonably be interpreted by others, and in fact were interpreted by others, as showing bias. Judge Dooley's statements undermine public confidence in the Judiciary. In making these statements, the Commission finds Judge Dooley to have been negligent.

### c. What was the extent of the actual or potential injury caused by Judge Dooley's misconduct?

The Commission finds no evidence of actual injury to any specific individual. However, it is reasonable to assume that Judge Dooley's statements adversely affected the witnesses, victims, and others who directly or indirectly heard the statements. Judge Dooley's conduct caused actual injury to the public perception of the Judiciary's integrity. In that regard, a judge is held to a high standard, a standard "greater than that expected of lawyers and other persons in society."[5] In his official capacity, a judge has a duty to be patient, courteous, and dignified in all interactions with litigants, jurors, witnesses, lawyers, and others (Canon 3B(4)). At a minimum, Judge Dooley's repeated failure to exercise care in making statements and in failing to recognize the effect his statements had on others caused injury to the Judiciary as an institution.

### d. Are there any aggravating or mitigating circumstances?

The Commission finds the following aggravating factors:

1. The subjects of the Complaint are multiple statements by Judge Dooley constituting a pattern of conduct.

2. Until the week before the hearing, Judge Dooley failed to express remorse or fully appreciate the impact of the statements.

3. Judge Dooley's statements were made in the courtroom while acting in his official capacity.

The Commission finds the following mitigating factors:

1. Judge Dooley's statements were made while he was a new judge.

2. Judge Dooley was cooperative with the Commission process.

---

4. *In re Deming*, 108 Wash.2d 82, 736 P.2d 639, 659 (1987).

5. *Inquiry Concerning a Judge*, 788 P.2d at 722.

3. Judge Dooley did not act from a selfish or dishonest motive when he made the statements.

4. Since August 2014, the Commission has not received additional complaints against Judge Dooley that required amending the original charges.

5. Judge Dooley expressed remorse at the hearing.

## 4. Recommendation

As discussed above, while it is difficult to apply the ABA Standards for Imposing Lawyer Sanctions specifically to judges, the Commission finds the appropriate sanction in this instance to be a public censure. The Commission's recommendation of this sanction is unanimous. As part of the appropriate sanction, the Commission also recommends that Judge Dooley:

1. Be formally assigned a mentor judge by the Alaska Court System to actively work with him for the next 12 months; and

2. Avail himself of further training, whether through internet sources, long distance learning, or other sources, in the areas of gender sensitivity, cultural awareness, domestic violence, and interaction with pro se litigants in both civil and criminal matters.

The Commission anticipates that, by complying with these recommendations, Judge Dooley will uphold the integrity of the Judiciary and exhibit the high standards of conduct expected of Alaska judges.

Dated this 21st day of December, 2015.