*Notice: This order is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@akcourts.us.*

# In the Supreme Court of the State of Alaska

| | | |
|---|---|---|
| In the Disciplinary Matter Involving | ) | |
| | ) | Supreme Court No. S-17700 |
| HONORABLE VANESSA WHITE, | ) | ACJC File No. 2019-002 |
| Superior Court Judge. | ) | |
| | ) | **Order For Public Reprimand** |
| | ) | |
| | ) | Order No. 0110 – May 8, 2020 |

Before: Bolger, Chief Justice, Winfree, Stowers, Maassen, and Carney, Justices.

1. The Alaska Commission on Judicial Conduct has filed a Recommendation to Accept Agreed Findings of Fact and Uncontested Public Reprimand of now-retired Superior Court Judge Vanessa White.[1] After a complaint was filed with the Commission in February 2019 regarding an overdue matter before Judge White, the Commission investigated, held a probable cause hearing, and issued formal charges.[2]

---

[1] The Commission's Recommendation and Findings are attached as an appendix. Both have been edited to conform to the technical rules of the Alaska Supreme Court.

[2] AS 22.30.011(a) provides:

> The commission shall on its own motion or on receipt of a written complaint inquire into an allegation that a judge
>
> . . . .
>
> (3) within a period of not more than six years before

(continued...)

The Commission later unanimously voted to accept the Agreed Findings of Fact and Uncontested Recommendation for Discipline executed by Judge White and Commission staff. Judge White agreed with the findings that a matter was ripe and undecided before her for more than six months and that she signed pay affidavits while the matter remained outstanding, "which conduct stands to prejudice the administration of justice and may undermine the public's confidence in the integrity of the judiciary." Judge White does not contest the Commission's recommendation that she receive a public reprimand for her conduct. We agree with the Commission that Judge White failed to dispose of a matter in a prompt and efficient matter and signed pay affidavits that she should have known were not accurate. We therefore accept the Commission's recommendation to issue a public reprimand. Our more detailed analysis follows.

2. In judicial disciplinary proceedings we review both the judicial conduct and the recommended sanction de novo.[3] "[J]udicial misconduct must be

---

[2]   (...continued)
the filing of the complaint or before the beginning of the commission's inquiry based on its own motion, committed an act or acts that constitute

. . . .

(C)   conduct prejudicial to the administration of justice;

(D)   conduct that brings the judicial office into disrepute; or

(E)   conduct in violation of the code of judicial conduct . . . .

[3]   *In re Estelle*, 336 P.3d 692, 693 (Alaska 2014); *In re Cummings* (*Cummings I*), 211 P.3d 1136, 1138 (Alaska 2009).

established by clear and convincing evidence."[4] We have reviewed the record before the Commission; neither the Commission's special counsel nor Judge White's counsel submitted briefing to us addressing the charges, the evidence, or the recommended discipline.

3.      We apply the American Bar Association's Standards for Imposing Lawyer Sanctions (Standards) as an analogy "insofar as possible" when considering judicial misconduct and appropriate sanctions.[5] The Standards address four factors: (1) the ethical duty violated; (2) the actor's mental state; (3) the extent of the actual or potential injury caused by the misconduct; and (4) any aggravating or mitigating circumstances.[6] "[W]e characterize the misconduct in light of the first three factors, yielding a presumptive sanction we may then adjust in light of the final factor and prior case law."[7]

4.      The misconduct in this case relates to Judge White's failure to decide a matter in a timely manner and the signing of pay affidavits when the matter had been pending before her for more than six months. The Commission made the following findings, to which Judge White agreed:

a.      On or about January 29, 2018, Judge White held a status hearing in a case that was before her on remand. At this hearing Judge White set a

---

[4]      *Cummings I*, 211 P.3d at 1138.

[5]      *In re Cummings* (*Cummings II*), 292 P.3d 187, 190 (Alaska 2013) (quoting *In re Inquiry Concerning a Judge*, 788 P.2d 716, 723 (Alaska 1990)).

[6]      *See Cummings II*, 292 P.3d at 190; *In re Inquiry Concerning a Judge*, 788 P.2d at 724.

[7]      *In re Dooley*, 376 P.3d 1249, 1251 (Alaska 2016).

schedule for additional briefing. The parties agreed that a decision could be issued upon completion of the briefing, and that no further hearings were necessary.

b.  On March 29, 2018, the completed briefing in the case was sent to Judge White's chambers, making the matter ripe for decision. The file remained in Judge White's chambers until February 7, 2019.

c.  On or about October 11, 2018, the plaintiff in the case filed a request for a ruling. Judge White did not personally review the request. Judge White believed that she had ample time to issue a ruling, due to her mistaken belief that the request pertained to a different case pending before her, and so she instructed her judicial assistant to add the request to the file.

d.  On January 30, 2019, the plaintiff filed a second request for a ruling.

e.  Judge White issued an order in the case on February 7, 2019.

f.  From October 1, 2018 through February 2019, when Judge White issued an order in the matter following the second request for a ruling, she signed seven pay affidavits indicating that, to the best of her knowledge and belief, there was no matter referred to her which had been undecided for a period of more than six months.

g.  Prior to signing her pay affidavits, Judge White reviewed an under-advisement report. This report was provided to Judge White by her assistant and was created by the Alaska Court System's case management software. The matter on remand never appeared on Judge White's report due to an issue with the court's case management system.

h.  After receiving the second request for a ruling, Judge White took action to address the outstanding matter. However, when the issue came to her attention, she did not report that a matter referred to her remained undecided for a period of more than six months to the Commission or any other entity.

i.      Judge White previously experienced this same issue of a matter on remand not appearing on her under-advisement report.  In that prior instance, when the omission came to light, Judge White contacted the Commission for guidance and was advised to correct the outstanding matter as soon as possible.

j.      Given the briefing schedule, the failure to act on the first request for a ruling in October 2018, and Judge White's inaction in the matter until after she received a second request for a ruling in January 2019, Judge White failed to dispose of the matter in a prompt and efficient manner.  This is conduct that stands to prejudice the administration of justice and may undermine the public's confidence in the integrity of the judiciary in violation of Alaska Code of Judicial Conduct Canons I and 2A, which constitutes a violation of the Alaska Code of Judicial Conduct 3B(8).

5.      Judge White does not contest that due to her delay in deciding a matter before her, and her signing of pay affidavits while the matter remained outstanding, she violated Canons 1, 2A, and 3B(8) of the Alaska Code of Judicial Conduct.[8]   The Commission therefore considered undisputed facts regarding

---

[8]      Alaska Code Jud. Conduct provides:

Canon 1.  A Judge Shall Uphold the Integrity and Independence of the Judiciary.  An independent and honorable judiciary is indispensable to achieving justice in our society.  A judge should participate in establishing, maintaining, and enforcing high standards of judicial conduct.  The provisions of this Code are intended to preserve the integrity and the independence of the judiciary; the Code should be construed and applied to further these objectives.

Canon 2A.  A Judge Shall Avoid Impropriety and the Appearance of Impropriety in All of the Judge's Activities.  In all activities, a judge shall exhibit respect for the rule of

(continued...)

Judge White's conduct in this matter.

6. We review de novo Judge White's judicial conduct.[9] In characterizing the conduct, we consider three factors: (1) the ethical duty violated; (2) the actor's mental state; and (3) the extent of the actual or potential injury caused by the misconduct.[10]

a. Judge White allowed a ripe matter before her to remain undecided for more than 10 months. This delay in deciding an outstanding matter, combined with her complete disregard for the first request for ruling, the pay affidavits signed while the matter remained outstanding, and her lack of reporting the delay to an appropriate authority as soon as it came to her attention, stands to prejudice the administration of justice and may undermine the public's confidence in the integrity of the judiciary.

b. Upon reviewing the entire record and analyzing Judge White's mental state, we conclude that despite the matter not appearing on Judge White's under-advisement report, her actions were negligent.[11] Judge White set the briefing schedule

---

[8]     (...continued)
law, comply with the law, avoid impropriety and the appearance of impropriety, and act in a manner that promotes public confidence in the integrity and the impartiality of the judiciary.

. . . .

Canon 3B(8). A judge shall dispose of all judicial matters promptly, efficiently, and fairly.

[9]     *In re Estelle*, 336 P.3d 692, 693 (Alaska 2014).

[10]    *In re Ivy*, 374 P.3d 374, 378 (Alaska 2016).

[11]    The American Bar Association Standards for Imposing Lawyer Sanctions
(continued...)

at a status hearing with the parties, and so should have been aware of the deadlines in this case. Second, the case file remained in Judge White's judicial chambers from March 29, 2018 until February 7, 2019. Judge White did not personally review the first request for ruling; instead, she explained that the first request for ruling "did not trigger any type of response, as in my experience attorneys routinely file requests for ruling regardless of timing." However, if Judge White had read this request for ruling, she would have been notified in the second sentence that "[m]ore than 6 [m]onths have elapsed since the final pleading (Plaintiff's Reply Brief) was filed March 28th, 2018." Finally, Judge White previously experienced the issue of a remanded case not appearing on her under-advisement report, and thus should have been aware of the possibility of such an issue recurring when her judicial assistant spoke with her about the file and the receipt of the first request for ruling.

        c.      Judge White's ignoring the first request for ruling without even checking the file sitting in her chambers, despite previously facing the same issue of a remanded case not appearing on the under-advisement report, demonstrates a failure to heed a substantial risk, which is a deviation from the standard of care a reasonable judge would exercise under the circumstances. We note that the under-advisement report is a useful tool and a safeguard; it does not supplant a judge's responsibility to manage deadlines within chambers or to stay apprised of the progress of matters pending before

---

[11]     (...continued)
defines "negligence" as "the failure of a lawyer to heed a substantial risk that circumstances exist or that a result will follow, which failure is a deviation from the standard of care that a reasonable lawyer would exercise in the situation." STANDARDS FOR IMPOSING LAWYER SANCTIONS, AM. BAR ASS'N (1992) [hereinafter ABA STANDARDS], www.americanbar.org/content/dam/aba/administrative/professional_res ponsibility/sanction_standards.pdf; *see also In re Johnstone*, 2 P.3d 1226, 1238 (Alaska 2000) (noting judge was negligent because "surrounding circumstances should reasonably have alerted the judge that his actions would be perceived as improper").

them.  We further note that Judge White's disregard of first requests for ruling as a matter of course because "attorneys routinely file requests for ruling regardless of timing" is an entirely inappropriate practice.

d.    We do not have evidence demonstrating that the parties in the delayed case suffered actual injury due to the ten months the matter remained ripe but undecided, nor due to the four month delay between the six month deadline and Judge White issuing her decision.  However, when a decision is delayed unreasonably, there is always potential injury to the parties.  The plaintiff in the matter had to file not one, but two, requests for a ruling before Judge White took action.  If the plaintiff had not filed a second request for ruling, it is likely that there would have been an even longer delay in deciding the matter and thus greater potential for injury.  Furthermore, Judge White signed seven pay affidavits indicating that to the best of her knowledge and belief, there was no matter referred to her which had been undecided for a period of more than six months,[12] when Judge White should have been aware this matter remained undecided.  Judge White signing her pay affidavits throughout this period potentially had a prejudicial effect upon the administration of justice and could undermine the public's confidence in the integrity of the judiciary.  As we have previously explained, "Alaska statutory law and the Code of Judicial Conduct hold judges to the highest standard of personal and official conduct.  This standard is greater than that expected of lawyers and other persons in society."[13]

---

[12]    AS 22.10.190(b) (explaining superior court judge must sign an affidavit indicating "that no matter referred to the judge for opinion or decision has been uncompleted or undecided by the judge for a period of more than six months" before receiving salary disbursement).

[13]    *In re Inquiry Concerning a Judge*, 788 P.2d 716, 722 (Alaska 1990).

7.    We therefore accept the Commission's findings that Judge White's conduct stands to prejudice the administration of justice and may undermine the public's confidence in the integrity of the Judiciary in general (Canon 1 and 2A), and constitutes a failure to dispose of a matter in a prompt and efficient manner (Canon 3B(8)).

8.    In light of the foregoing we accept that there is clear and convincing evidence of misconduct and we conclude that the presumptive sanction for Judge White's negligent conduct is a public reprimand.[14] Although the Commission did not explicitly identify and analyze the aggravating and mitigating circumstances in this case,[15] it did make factual findings relevant to such circumstances.

a.    We identify two aggravating factors in this case: Judge White did not acknowledge the wrongful nature of her conduct and had substantial experience as a judge.  Judge White appeared to place the blame for her misconduct entirely on the

---

[14]    As explained in the American Bar Association Standards for Imposing Lawyer Sanctions in Standard III(B)(2.5), a public reprimand "is a form of public discipline which declares the conduct of the lawyer improper."  The Standards describe several circumstances in which public reprimands are appropriate.  For example, under Standard III(C)(4.4), addressing a lack of diligence, a public reprimand "is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client."  And under Standard III(C)(7.0), addressing other duties as a professional, a public reprimand "is generally appropriate when a lawyer negligently engages in conduct that is a violation of a duty owed as a professional and causes injury or potential injury to a client, the public, or the legal system."

[15]    As noted by the American Bar Association, considering aggravating and mitigating circumstances is optional:  "After misconduct has been established, aggravating and mitigating circumstances *may* be considered in deciding what sanction to impose." ABA STANDARDS, Standard 9.1 (emphasis added); *see also In re Johnstone*, 2 P.3d at 1237-38 (applying ABA Standards and imposing public reprimand on judge for negligent appearance of impropriety causing both actual and significant harm without any discussion of aggravating or mitigating circumstances).

under-advisement report. Judge White did not indicate that her practices — such as not reviewing the first request for ruling or more carefully managing deadlines in her chambers — contributed to the delay in any way. While Judge White noted that she only "execute[d] [her] last day of January 2019 pay affidavit" upon completing "drafting [her] order" in the outstanding matter, she did not express remorse for having inaccurately signed pay affidavits from October through January despite having an outstanding matter for more than six months. And she did not report this error to the Commission or other authority when it came to her attention. Judge White also had substantial experience on the bench, having been appointed in 2006, and retained in 2010 and 2016. Furthermore, she had previously faced a situation in which a remanded matter did not appear in her under-advisement report. However, she failed to set up an internal administrative safeguard to prevent such an issue from recurring.

b. We also consider mitigating factors. Judge White has not faced prior disciplinary proceedings. She issued a ruling on the outstanding matter shortly after the delay finally came to her attention, indicating at least a partial effort to rectify the consequences of her misconduct. Judge White appeared to provide full and free disclosure to the Commission and cooperated with the disciplinary proceedings. Judge White has a good reputation and a history of maintaining her under-advisement reports in a timely manner. Finally, Judge White did not have a selfish or dishonest motive in the matters at issue in this proceeding.

9. We conclude that there are not sufficient aggravating or mitigating circumstances to warrant deviation from public reprimand as the ultimate sanction.

10. Judge White is hereby PUBLICLY REPRIMANDED for the misconduct described above.

Entered by direction of the court.

Clerk of the Appellate Courts

/s/ *M. Montgomery*
Meredith Montgomery

cc:   Supreme Court Justices
      Publishers

Distribution:

Stacey Stone                          Marla Greenstein
Holmes Weddle & Barcott, PC           Alaska Commission On Judicial  Conduct
701 W. Eighth Avenue, Suite 700       510 L Street, Suite 585
Anchorage, AK 99501                   Anchorage, AK 99501

IN THE SUPREME COURT FOR THE STATE OF ALASKA

In the matter of the proceeding pursuant to )
AS 22.30.011(a) in relation to: )
)
VANESSA WHITE, )
)
JUDGE (retired) of the Superior Court Third ) ACJC File No. 2019-002
Judicial District at Palmer, Alaska. )
) Supreme Court No. 17700
_____ )

## RECOMMENDATION TO ACCEPT AGREED FINDINGS OF FACT AND UNCONTESTED PUBLIC REPRIMAND

Procedures before the Commission

This matter was brought to the attention of the Alaska Commission on Judicial Conduct (Commission) as part of a written complaint in February 2019. Staff began an investigation that resulted in a Notice of Formal Investigation to the judge, pursuant to Commission Rule of Procedure Rule 8A, on April 16, 2019. At its regular meeting on September 27, 2019 the Commission determined that it would hold a Probable Cause Hearing. The Probable Cause Hearing in this matter was held on November 21, 2019. At the conclusion of the Probable Cause Hearing, the Commission issued Formal Charges by a vote of 7 to 2. The attached Agreed Findings of Fact and Uncontested Recommendation for Discipline was presented to the Commission at its public hearing, held as part of its regularly scheduled meeting, on January 10, 2020. At the conclusion of deliberations, the Commission unanimously voted to accept the Agreed Findings of Fact and Uncontested Recommendation for Discipline and recommend a public reprimand by the Alaska Supreme Court under Alaska R. App. P. 406.

Appendix                             12                        **ORD 0110**

SUBMITTED by the COMMISSION ON JUDICIAL CONDUCT, through its Executive Director, this 27th day of January 2020.


/s/ Marla N. Greenstein
Marla N. Greenstein (Bar No. 9708048)
Executive Director
Commission on Judicial Conduct

STATE OF ALASKA

COMMISSION ON JUDICIAL CONDUCT

In the matter of the proceeding pursuant to )
AS 22.30.011(a) in relation to: )
  )
VANESSA WHITE, )
  )
JUDGE (retired) of the Superior Court Third )     **ACJC File No. 2019-002**
Judicial District at Palmer, Alaska. )
_____ )

**AGREED FINDINGS OF FACT AND UNCONTESTED
RECOMMENDATION FOR DISCIPLINE**

        The Alaska Commission on Judicial Conduct and Judge Vanessa White agree to the attached Findings of Fact. Judge White does not contest the Commission recommendation to the Alaska Supreme Court that Judge White receive a Public Reprimand for the conduct. *Approved by unanimous vote of the Alaska Commission on Judicial Conduct January 10, 2020.*

/s/ Marla N. Greenstein                      for the Commission
Marla N. Greenstein (Bar No. 9708048)
Executive Director
Commission on Judicial Conduct

/s/ Stacey C. Stone                           for Judge Vanessa White
Stacey C. Stone (Bar No. 1005030)
Holmes, Weddle & Barcott, PC

STATE OF ALASKA

COMMISSION ON JUDICIAL CONDUCT

In the matter of the proceeding pursuant to )
AS 22.30.011(a) in relation to: )
)
VANESSA WHITE, )
)
JUDGE (retired) of the Superior Court Third )   **ACJC File No. 2019-002**
Judicial District at Palmer, Alaska. )
_____ )

**FINDINGS OF FACT**

The Alaska Commission on Judicial Conduct and Judge Vanessa White agree to the following findings of fact with regard to the above-referenced matter:

1.    Judge Vanessa White was appointed to the bench on November 17, 2006 by Governor Frank Murkowski.

2.    Judge White stood for retention in 2010, and again in 2016, and she received a favorable vote from the citizens of the State of Alaska during both elections.

3    Judge White retired from the bench in 2019 but has continued to serve in a pro tem capacity.

4.    On or about January 29, 2018, Judge White held a status hearing in *Schaeffer-Mathis v. Mathis*, Case No. 3PA-11-02658 CI. This matter was on remand from the Alaska Supreme Court.

5.    At the subject status hearing, Judge White, with input from the parties, set a schedule for additional briefing on the student loan issue presented in the matter. The

parties agreed that a decision could be issued upon completion of the briefing and no further hearings were necessary.

6. The parties completed briefing on March 29, 2018, and thus, the matter became ripe for decision. On that date, after the clerk's office docketed Plaintiff's reply brief, the file was sent to Judge White's chambers. The file remained in chambers until February 7, 2019.

7. On or about October 11, 2018, the plaintiff filed a request for ruling. Due to a belief that the request pertained to a student loan dispute in a different case pending before her, Judge White believed that she had ample time to issue a ruling and instructed her judicial assistant to add the request to the file. She did not personally review the request.

8. On January 30, 2019, the plaintiff filed a second request for ruling. This second request triggered action by the judge, and the order was issued on February 7, 2019.

9. From October 1, 2018, through the action following the second request for ruling, Judge White signed seven pay affidavits indicating that to the best of her knowledge and belief, there was no matter referred to her which had been undecided for a period of six months or longer.

10. Prior to completing any pay affidavit throughout the course of her career, Judge White reviewed what is referred to as an under advisement report. This report is provided to Judge White by her assistant and created by the State's case management software. The underlying matter on remand, which is the subject of the Commission's complaint, never appeared on Judge White's under advisement report due to an issue with the court's case management system.

11. Judge White previously experienced an issue with an outstanding ruling on a prior matter in which a case was remanded and, similar to the instant matter, the

pending issue on remand did not appear on her under advisement report. In that instance, she contacted the Commission for guidance and was advised that the Commission was aware an issue existed with matters that were remanded. She was advised to correct the outstanding matter as soon as possible.

12. In the instant matter, Judge White took action to correct the outstanding matter following the second request for ruling, but did not report the issue to the Commission or any other entity.

13. Given the agreed-upon briefing schedule in the underlying court case, the failure to act on the October 11, 2018 Request for Ruling, and that the judge did not act on the matter until a Second Request for Ruling was filed, Judge White failed to dispose of the matter in a prompt and efficient manner in violation of the Alaska Code of Judicial Conduct 3B(8), which conduct stands to prejudice the administration of justice and may undermine the public's confidence in the integrity of the judiciary in violation of Alaska Code of Judicial Conduct Cannons 1 and 2A.