*Notice: This order is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@akcourts.gov.*

# In the Supreme Court of the State of Alaska

|  |  |
|---|---|
| In the Disciplinary Matter Involving | ) |
|  | ) Supreme Court No. S-18873 |
|  | ) ACJC File No. 2022-007 |
| HONORABLE MARTIN C. FALLON, | ) |
| District Court Judge. | ) **Order for Public Reprimand** |
|  | ) |
|  | ) Order No. 0120 – March 8, 2024 |
|  | ) |
|  | ) |

Before: Maassen, Chief Justice, and Carney, Borghesan, Henderson and Pate, Justices.

1. The Alaska Commission on Judicial Conduct has recommended that we issue a public reprimand of District Court Judge Martin C. Fallon. Judge Fallon does not contest the factual findings on which it is based.[1] After a written complaint was brought to the Commission on October 13, 2022, the Commission began an investigation and held a formal public hearing.[2] The Commission voted unanimously

---

[1] The Commission's Recommendation and Findings are attached as an appendix. Both have been edited to conform to the technical rules of the Alaska Supreme Court.

[2] *See* AS 22.30.011(a) (granting Commission authority to inquire into an allegation that a judge "committed an act or acts that constitute . . . conduct prejudicial to the administration of justice" or "conduct in violation of the code of judicial conduct").

to accept the agreed-upon findings and the recommended discipline.[3] Judge Fallon agreed with the Commission's findings that two matters were undecided before him for more than six months and that he had executed three pay affidavits while one of the matters was ripe and remained outstanding for more than six months, "which conduct stands to prejudice the administration of justice and may undermine the public's confidence in the integrity of the judiciary."[4] Further, Judge Fallon signed these pay affidavits even after another judge had brought one of the overdue matters to his attention. The Commission found that in doing so he acted in a manner that did not promote public confidence in the integrity of the judiciary and created an appearance of impropriety in violation of Alaska Code of Judicial Conduct Canon 2A. We agree with the Commission that Judge Fallon failed to dispose of the matters in a prompt and efficient manner and signed pay affidavits that he should have known were not accurate. We therefore accept the Commission's recommendation to issue a public reprimand. Our more detailed analysis follows.

2. "In judicial disciplinary proceedings we review both the judicial conduct and the recommended sanction de novo."[5] In doing so we recognize that "judicial misconduct must be established by clear and convincing evidence."[6] We have reviewed the record before the Commission; neither the Commission's special counsel

---

[3] When preparing its findings of fact to this court the Commission discovered an error in the number of pay affidavits to which the original findings of fact referred. It attached amended findings of fact, which were agreed to by the full Commission and Judge Fallon's counsel.

[4] Alaska Code of Jud. Conduct Canon 3B(8).

[5] *In re White*, 463 P.3d 169, 170 (Alaska 2020) (first citing *In re Estelle*, 336 P.3d 692, 693 (Alaska 2014); and then citing *In re Cummings* (*Cummings I*), 211 P.3d 1136, 1138 (Alaska 2009)).

[6] *Id.* (citing *Cummings I*, 211 P.3d at 1138).

nor Judge Fallon's counsel submitted briefing to us addressing the charges, the evidence, or the recommended discipline.

3.      We apply the American Bar Association's Standards for Imposing Lawyer Sanctions (Standards) "as an analogy 'insofar as possible' when considering judicial misconduct and appropriate sanctions."[7]  The Standards address four factors: "(1) the ethical duty violated; (2) the actor's mental state; (3) the extent of the actual or potential injury caused by the misconduct; and (4) any aggravating or mitigating circumstances."[8]  "[W]e characterize the misconduct in light of the first three factors, yielding a presumptive sanction we may then adjust in light of the final factor and prior case law."[9]

4.      The misconduct here relates to Judge Fallon's failure to decide two matters in a timely manner, his signing of pay affidavits when one of these matters had been ripe before him for more than six months, and his doing so after another judge had brought the overdue matter to his attention.  The Commission made the following findings to which Judge Fallon agreed:

a.      Judge Fallon heard a case that was ripe for decision at the trial's conclusion on December 21, 2021.

---

[7]      *Id.* (citing *In re Cummings* (*Cummings II*), 292 P.3d 187, 190 (Alaska 2013)).

[8]      *Id.* (citing *Cummings II*, 292 P.3d at 190; *In re Inquiry Concerning a Judge*, 788 P.2d 716, 724 (Alaska 1990)).  Considering aggravating and mitigating circumstances is optional when deciding what sanction to impose.  *Id.* at 173 n.15 (referring to the Standards); *see also* STANDARDS FOR IMPOSING LAW. SANCTIONS, Standard § 9.1 (AM. BAR ASS'N 1992) ("After misconduct has been established, aggravating and mitigating circumstances may be considered in deciding what sanction to impose.").

[9]      *Id.* at 170 (alteration in original) (quoting *In re Dooley*, 376 P.3d 1249, 1251 (Alaska 2016)).

b.    On August 26, 2022, another judge placed a sticky note on the file, indicating that the case had been erroneously closed out on the Alaska Court System's case management software. That judge noted the ripe date of December 21, 2021.[10]

c.    Between August 26, 2022 and October 17, 2022, Judge Fallon executed three pay affidavits indicating that to the best of his knowledge and belief, there was no matter referred to him which had been undecided for a period of six months or longer.

d.    Judge Fallon issued a decision in the first case on October 17, 2022.

e.    In a second case, Judge Fallon requested additional information from parties six months after the date the matter was ripe.

f.    Parties provided the requested information on June 30, 2022, and Judge Fallon issued a decision on the second case on November 6, 2022.

g.    Judge Fallon failed to dispose of the above matters in a prompt and efficient fashion in violation of the Alaska Code of Judicial Conduct Canon 3B(8), which conduct stands to prejudice the administration of justice and may undermine the public's confidence in the integrity of the judiciary. In addition, by continuing to sign pay affidavits after another judge brought the overdue matter to his attention, Judge Fallon acted in a manner that did not promote public confidence in the integrity of the judiciary and created an appearance of impropriety in violation of Alaska Code of Judicial Conduct Canon 2A.

5.    Judge Fallon does not contest that his failure to dispose of the above matters in a prompt and efficient fashion or his signing of pay affidavits while one of

---

[10]    The note stated the due date was December 17, 2021, but the parties stipulated that it was actually December 21.

the matters remained outstanding amounted to violations of Canons 2A and 3B(8) of the Alaska Code of Judicial Conduct.[11] The Commission hence considered undisputed facts regarding Judge Fallon's conduct.

6. We review Judge Fallon's conduct de novo. In characterizing the conduct, we consider three of the Standards' four factors: (1) the ethical duty violated; (2) the actor's mental state; and (3) the extent of the actual or potential injury caused by the misconduct.[12]

a. Judge Fallon allowed two matters to remain undecided for more than six months, including one for more than nine months. This delay, coupled with his signing pay affidavits while one of the matters was ripe and remained outstanding, stands to prejudice the administration of justice and may undermine the public's confidence in the integrity of the judiciary. Moreover, his signing of pay affidavits even after another judge had brought the ripe and overdue matter to his attention did not promote public confidence in the integrity of the judiciary and created an appearance of impropriety.

---

[11] Alaska Code of Judicial Conduct provides:

Canon 2A. In all activities, a judge shall exhibit respect for the rule of law, comply with the law, avoid impropriety and the appearance of impropriety, and act in a manner that promotes public confidence in the integrity and the impartiality of the judiciary.

. . . .

Canon 3B(8). A judge shall dispose of all judicial matters promptly, efficiently, and fairly.

[12] *In re White*, 463 P.3d at 171 (citing *In re Ivy*, 374 P.3d 374, 378 (Alaska 2016)).

b.     We conclude that Judge Fallon's actions were negligent.[13] Judge Fallon had heard both matters and thus should have been aware of the deadlines. While one of the matters before Judge Fallon had been erroneously closed on the Alaska Court System's case management software, such software "is a useful tool and safeguard" at best and "does not supplant a judge's responsibility to manage deadlines within chambers or to stay apprised of the progress of matters pending before them."[14] Finally, Judge Fallon signed three pay affidavits indicating, to the best of his knowledge and belief, there were no matters referred to him that had been undecided for more than six months when he should have known that one of the matters remained ripe and undecided.

c.     We do not have evidence demonstrating actual injury to the parties due to the delay in rendering a decision. "[W]hen a decision is delayed unreasonably," however, "there is always potential injury to the parties."[15] Moreover, had another judge not pointed out the ripe date of the first case to Judge Fallon, "it is likely that there would have been an even longer delay in deciding the matter and thus greater potential for injury."[16] Judge Fallon's signing of pay affidavits while the matter remained outstanding and after another judge brought the matter to his attention

---

[13]     The Standards define negligence as "the failure of a lawyer to heed a substantial risk that circumstances exist or that a result will follow, which failure is a deviation from the standard of care that a reasonable lawyer would exercise in the situation." STANDARDS FOR IMPOSING LAW. SANCTIONS, Definitions (AM. BAR ASS'N 1992); *see also In re Johnstone*, 2 P.3d 1226, 1238 (Alaska 2000) (noting judge was negligent because "surrounding circumstances should reasonably have alerted the judge that his actions would be perceived as improper").

[14]     *In re White*, 463 P.3d at 172.

[15]     *Id.*

[16]     *See id.* at 172 (noting that had plaintiff not filed second request for ruling, judge would have delayed making decision for even longer).

"potentially had a prejudicial effect upon the administration of justice and could undermine the public's confidence in the integrity of the judiciary."[17]  As "Alaska statutory law and the Code of Judicial Conduct hold judges to the highest standard of personal and official conduct" which is "greater than that expected of lawyers and other persons in society,"[18] even a potential risk of prejudicing the administration of justice and undermining the public's confidence in the judiciary's integrity is sufficient to warrant a sanction.[19]

7.     We therefore accept the Commission's finding that Judge Fallon's conduct constitutes a failure to dispose of a matter in a prompt and efficient manner,[20] may undermine the public's confidence in the integrity of the judiciary in general,[21] and stands to prejudice the administration of justice.

8.     We also accept that there is clear and convincing evidence of misconduct and conclude that the presumptive sanction for Judge Fallon's conduct is a public reprimand.[22]

---

[17]     *Id.* at 172-73.

[18]     *Id.* at 173 (quoting *In re Inquiry Concerning a Judge*, 788 P.2d 716, 722 (Alaska 1990)).

[19]     *See In re White*, 463 P.3d at 172-73 (concluding conduct causing potential injury to judicial system warranted sanction); STANDARDS FOR IMPOSING LAW. SANCTIONS, § 3.0(c) (AM. BAR ASS'N 1992) (providing that courts should consider "the potential or actual injury caused" when imposing sanctions).

[20]     *See* Alaska Code Jud. Conduct Canon 3B(8).

[21]     *See* Alaska Code Jud. Conduct Canon 2A.

[22]     *See In re White*, 463 P.3d at 173 n.14 (noting that Standards recognize that public reprimands are "generally appropriate" when lawyer is "negligent" and "does not act with reasonable diligence" or is "a violation of a duty owed" and "causes injury or potential injury") (quoting STANDARDS FOR IMPOSING LAW. SANCTIONS, Standards §§ 2.5, 4.4, 7.0 (AM. BAR ASS'N 1992)).

9.     While the Commission did not explicitly identify aggravating or mitigating circumstances in this case,[23] we recognize the following mitigating factors:

    a.    Judge Fallon has not faced prior disciplinary proceedings;

    b.    Judge Fallon appeared to provide full and free disclosure to the Commission and cooperated with the disciplinary proceedings; and

    c.    Judge Fallon did not have a selfish or dishonest motive.

10.     Having considered the Commission's findings and evaluated potential aggravating and mitigating factors, we agree that public reprimand is the appropriate sanction.

11.     Judge Fallon is hereby PUBLICLY REPRIMANDED for the misconduct described above.

Entered by direction of the court.

---

**23**     *See id.* at 173 n.15 (noting that "considering aggravating and mitigating circumstances is optional") (citing STANDARDS FOR IMPOSING LAW. SANCTIONS, Standards §§ 2.5, 4.4, 7.0 (AM. BAR ASS'N 1992); *In re Johnstone*, 2 P.3d 1226, 1237-38 (Alaska 2000)).

IN THE SUPREME COURT FOR THE STATE OF ALASKA

| | | |
|---|---|---|
| In the matter of the proceeding pursuant to AS 22.30.011(a) in relation to: | ) ) ) | |
| MARTIN FALLON, | ) ) | |
| JUDGE of the District Court Third Judicial District at Kenai, Alaska. | ) ) | ACJC File No. 2022-007 |
| | ) | Supreme Court No. 18873 |
| _____ | ) | |

## RECOMMENDATION TO ACCEPT AGREED FINDINGS OF FACT AND UNCONTESTED PUBLIC REPRIMAND

Procedures before the Commission

This matter was brought to the attention of the Alaska Commission on Judicial Conduct (Commission) as part of a written complaint on October 13, 2022. Staff began an investigation that resulted in a Notice of Formal Investigation to the judge, pursuant to Commission Rule of Procedure Rule 8A, on March 8, 2023. At its regular meeting on April 28, 2023 the Commission determined that it would hold a Probable Cause Determination Meeting at its next regular meeting. A Notice of Probable Cause Determination Meeting issued on June 7, 2023. At the time set for the Probable Cause Determination Meeting on September 1, 2023, the Commission's Executive Director requested that the Commission move directly to a Public Formal Hearing to allow her to present the attached Agreed Findings of Fact and Uncontested Recommendation for Discipline. That request was granted by unanimous vote of the Commission. At the conclusion of the deliberations, the Commission unanimously voted to accept the Agreed Findings of Fact and Uncontested Recommendation for Discipline and

recommend a public reprimand by the Alaska Supreme Court under Rule 406 of the Rules of Appellate Procedure.

While preparing this recommendation to the Alaska Supreme Court, the Commission's Executive Director became aware of an error in the number of pay affidavits referenced in the original approved Findings of Fact. The attached Amendment to Findings of Fact to Correct Original was agreed to by the full Commission and the judge's counsel.

SUBMITTED by the COMMISSION ON JUDICIAL CONDUCT, through its Executive Director, this 19th day of January 2023.

/s/ Marla N. Greenstein
Marla N. Greenstein (Bar No. 9708048)
Executive Director
Commission on Judicial Conduct

STATE OF ALASKA

COMMISSION ON JUDICIAL CONDUCT

In the matter of the proceeding pursuant to )
AS 22.30.011(a) in relation to: )
 )
MARTIN FALLON, )
 )
JUDGE of the District Court Third ) **ACJC File No. 2022-007**
Judicial District at Kenai, Alaska. )
_____ )

## AGREED FINDINGS OF FACT AND UNCONTESTED
## RECOMMENDATION FOR DISCIPLINE

The Alaska Commission on Judicial Conduct and Judge Martin Fallon agree to the attached Findings of Fact. Judge Fallon does not contest the Commission recommendation to the Alaska Supreme Court that Judge Fallon receive a Public Reprimand for the conduct and has waived his rights to a Probable Cause Determination and a Formal Disciplinary Hearing Before the Commission. *Approved by vote of the Alaska Commission on Judicial Conduct September 1, 2023.*

/s/ Marla N. Greenstein                              for the Commission
Marla N. Greenstein (Bar No. 9708048)
Executive Director
Commission on Judicial Conduct

/s/ Stacey C. Stone                                   for Judge Martin Fallon
Stacey C. Stone (Bar No. 1005030)
Holmes, Weddle & Barcott, PC

STATE OF ALASKA

COMMISSION ON JUDICIAL CONDUCT

In the matter of the proceeding pursuant to ) 
AS 22.30.011(a) in relation to: )
 )
MARTIN FALLON, )
 )
JUDGE of the Superior Court Third )   **ACJC File No. 2022-007**
Judicial District at Kenai, Alaska. )
_____ )

## FINDINGS OF FACT

The Alaska Commission on Judicial Conduct and Judge Martin Fallon agree to the following findings of fact with regard to the above-referenced matter:

1. Judge Martin Fallon was appointed to the bench on December 6, 2019 by Governor Michael J. Dunleavy.

2. Judge Fallon stood for retention in 2022, and he received a favorable vote from the citizens of the State of Alaska during that election.

3. Judge Fallon heard the case of *Lopez v. Gunzner*, 3KN-21-00039SC, and the matter was ripe for decision at the conclusion of trial on December 21, 2021.

4. On August 26, 2022, Judge Wells placed a sticky note on the file, noting that it had been brought to her attention, and the case had been closed out in courtview in error. Judge Wells also noted the ripe date of December 21, 2021.

5. Judge Fallon issued a decision on October 17, 2022.

6. Between August 26, 2022 and October 17, 2022, four pay affidavits were executed by Judge Fallon indicating that to the best of his knowledge and belief, there

was no matter referred to him which had been undecided for a period of six months or longer.

7.    Judge Fallon heard the case of *Superstructures Inc. v. Expi-Door Systems, Inc.*, 3KN-21-00089SC. In that matter, six months from the date the matter was ripe for decision, Judge Fallon requested additional information from the parties.

8.    The requested additional information was provided by the parties on June 30, 2022, and a decision was issued on November 6, 2022.

9.    Judge Fallon failed to dispose of the referenced matters in a prompt and efficient fashion in violation of the Alaska Code of Judicial Conduct 3B(8), which conduct stands to prejudice the administration of justice and may undermine the public's confidence in the integrity of the judiciary. In addition, by continuing to sign pay affidavits after another judge brought the overdue matter to his attention, Judge Fallon acted in a manner that did not promote public confidence in the integrity of the judiciary and created an appearance of impropriety in violation of Alaska Code of Judicial Conduct 2A.

STATE OF ALASKA

COMMISSION ON JUDICIAL CONDUCT

In the matter of the proceeding pursuant to ) 
AS 22.30.011(a) in relation to: )
 )
MARTIN FALLON, )
 )
JUDGE of the Superior Court Third ) **ACJC File No. 2022-007**
Judicial District at Kenai, Alaska. )
_____ )

## AMENDMENT TO FINDINGS OF FACT TO CORRECT ERROR IN ORIGINAL

The Alaska Commission on Judicial Conduct and Judge Martin Fallon agree to the following corrected paragraph 6 (the original paragraph 6 mistakenly included the pay affidavit for pay period ending October 16, 2022; Judge Fallon correctly waited to sign that affidavit until October 21, 2022):

6.      Between August 26, 2022 and October 17, 2022, three pay affidavits were executed by Judge Fallon indicating that to the best of his knowledge and belief, there was no matter referred to him which had been undecided for a period of six months or longer.